```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND

                                 :
DECONTEE S. GRANT
                                 :
     v.                          :   Civil Action No. DKC 15-2433
                                 :
PRINCE GEORGE'S COUNTY DEPT.,
et al.                           :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights case are the following: (1) a motion to dismiss filed by Defendant Jonathan Hill ("Defendant Hill") (ECF No. 13); (2) a motion to dismiss filed by Defendant Doctor's Hospital, Inc. ("Defendant Doctor's Hospital" or the "hospital") (ECF No. 19); (3) a motion to dismiss filed by Defendant Prince George's County Police Department ("Defendant PGPD") (ECF No. 25); (4) a motion to dismiss or, in the alternative, for summary judgment filed by Defendant Tisha S. Hillman ("Defendant Hillman") (ECF No. 30); (5) a motion to dismiss filed by Defendant Erick R. Tyrone ("Defendant Tyrone") (ECF No. 32); and (6) a motion to compel filed by Plaintiff Decontee S. Grant ("Plaintiff") (ECF No. 38).  The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion to dismiss filed by Defendant Hill will be construed as a motion to quash service and will be

granted. The motion to dismiss filed by Defendant Doctor's Hospital will be granted. Defendant PGPD's motion to dismiss will be denied. Defendant Hillman's motion to dismiss or, in the alternative, for summary judgment will be granted. Defendant Tyrone's motion to dismiss will be granted. Plaintiff's motion to compel will be denied as moot.

## I. Background

### A. Factual Background

#### 1. Allegations Against Defendants Doctor's Hospital and PGPD

Unless otherwise noted, the facts outlined here are set forth in the complaint and construed in the light most favorable to Plaintiff. Plaintiff alleges that while unconscious during a medical procedure on or about February 18 or 19, 2012, she was sexually assaulted by the staff at Defendant Doctor's Hospital. (ECF No. 16, at 10). Plaintiff contends that she was subject to a "different, inferior, abusive, brutal[,] and degrading treatment than that which Defendant [Doctor's Hospital] gives to white female patients." (*Id.*).

In September 2012, Plaintiff reported the alleged sexual assault to Defendant Detective J. Hill ("Defendant Hill"), who contacted Defendant Doctor's Hospital. The hospital informed Defendant Hill that Plaintiff was "knocked out" for a pelvic exam and had woken up before the doctors could start the second

part of the exam.  (*Id.* at 3).  Defendant Hill declined to conduct an investigation.

Plaintiff filed a grievance against Defendant Hill.  (*See id.* at 5).  In November 2012, Sergeant T. Nalley contacted Plaintiff in response to her grievance.  Plaintiff alleges that Sergeant Nalley asked "where are you from?" when asking for her personal information and said that he would look at her medical record and make a decision.  (*Id.*).  He subsequently closed her grievance.

In December 2012, Plaintiff met with Lieutenant Webster regarding her complaint against Defendant Doctor's Hospital. Plaintiff informed Lieutenant Webster that "several crucial pages of information for the time interval of the sexual assault" were missing from the copy of Plaintiff's patient record in Lieutenant Webster's possession.  (*Id.*).  Plaintiff gave Lieutenant Webster an updated copy of her medical record. (*Id.* at 6).  Upon Lieutenant Webster's inquiry, Plaintiff disclosed that she had spoken with a lawyer but was unable to pay for legal services.  Plaintiff alleges that Lieutenant Webster and another officer "exchanged glances" and Lieutenant Webster refused to investigate the sexual assault.  (*Id.*).

Plaintiff filed a complaint for negligence, assault, and battery against Defendant Doctor's Hospital in the Circuit Court

for Prince George's County.  (ECF No. 19-2, at 2).[1]  On December 4, 2013 the circuit court granted a motion to dismiss filed by Doctor's Hospital.  (ECF No. 19-3, at 2).

In July 2014, Sergeant B. Selway informed Plaintiff that he was investigating her grievance against Defendant Hill. Plaintiff gave Sergeant Selway a copy of her medical files.  At a later meeting, Plaintiff alleges that Sergeant Selway's "face became angry when Plaintiff [spoke] about her meeting with [Lieutenant] Webster."  (*Id.* at 7).  Plaintiff alleges that PGPD personnel have interfered with her grievances and investigation since then.  Plaintiff received a letter from Captain Rodriguez stating that her grievance against Defendant Hill was closed. In November 2014, Sergeant Dillingham contacted Plaintiff regarding a letter Plaintiff had sent to a United States Senator's office.  He informed Plaintiff that her complaint for sexual assault would not be investigated because it had already been closed by Lieutenant Webster.  According to Plaintiff, Defendant PGPD was "tracking, monitoring, and intimidating

---

[1] Plaintiff refers to a civil case against Defendant Doctor's Hospital throughout the complaint.  In reviewing a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court may consider allegations in the complaint, matters of public record, and documents attached to the motion to dismiss that are integral to the complaint and authentic.  *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).  Here, the court will consider Exhibits 1 and 2 attached to Defendant Doctor's Hospital's motion to dismiss because they are matters of public record.  (ECF Nos. 19-2; 19-3).

4

Plaintiff . . . in order to keep the sex[ual] assault case and subsequent cover-up from being exposed." (*Id.* at 9). Plaintiff asserts that she was re-victimized, treated as "an inferior class person," and "suffers from [a]nxiety, sleeplessness, violation of her privacy, and violation of trust in the public institution whose mission [it] is to enforce the laws equally." (*Id.*).

### 2. Allegations against Defendants Hillman and Tyrone

On or about November 22, 2013 Plaintiff hired Defendants Hillman and Tyrone to represent her in her civil case against Defendant Doctor's Hospital in state court. Defendants Hillman and Tyrone allegedly violated attorney-client privilege by discussing Plaintiff's information while acting as her attorney. Additionally, Plaintiff alleges that Defendants Hillman and Tyrone demanded more money than was agreed upon in their original contract and failed to notify her about proceedings and decisions regarding her civil case. (*Id.*). Plaintiff declined to enter into a new contract.

In October 2014, Plaintiff sought legal representation for her state court case from "Attorney [B]." Plaintiff alleges that after Attorney B had her files for two months and spoke with Defendant Hillman, Attorney B's "usually pleasant voice became accusatory, even sounding angry at Plaintiff" and she refused to take the case. (*Id.*). Plaintiff asserts that

subsequently several other attorneys initially accepted her case, but then changed their minds and spoke to Plaintiff in "the same accusatory tone as Attorney [B] did." (*Id.* at 13). In December 2014, "Attorney [C]" declined to represent Plaintiff because the statute of limitations was going to expire in February 2015. Plaintiff believes that Defendants Hillman and Tyrone discouraged other attorneys from taking her case. Plaintiff also alleges that when she received her case files in the mail from Attorney B and Attorney C, they were "torn open" or were "slashed [open]," and that she "received an unsigned Christmas card with no name, no note, and no return address, [which was] another taunt." (*Id.*).

    **B.   Procedural Background**

Plaintiff, proceeding *pro se*, filed a complaint against Defendants Doctor's Hospital, PGPD, Hill, Hillman, and Tyrone on August 17, 2015. (ECF No. 1). On September 17, Defendant Doctor's Hospital filed a motion to strike the complaint and/or for a more definite statement (ECF No. 6), and Plaintiff responded in opposition (ECF No. 15). Defendants Hillman and Tyrone filed a motion to dismiss a week later. (ECF No. 12). On September 25, Defendant Hill filed a motion to dismiss. (ECF No. 13). After each motion to dismiss, Plaintiff was provided with a *Roseboro* notice, which advised her of the pendency of the motion to dismiss and her entitlement to respond within 17 days.

(ECF Nos. 11, 14); *see Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) (holding that *pro se* plaintiffs should be advised of their right to file responsive material to a motion for summary judgment).

On September 30, Plaintiff filed an amended complaint (ECF No. 16), which mooted the earlier motions to dismiss for failure to state a claim (*see* ECF No. 21).[2] The amended complaint asserts violations of: 18 U.S.C. § 242 against Defendants PGPD and Hill (Count I); 42 U.S.C. § 1981 against Defendants Hillman and Tyrone (Count II); the Fourteenth Amendment against Defendants PGPD and Hill (Count III); 42 U.S.C. § 1985(2)-(3) against all Defendants (Count IV); 42 U.S.C. § 1986 against Defendant PGPD (Count V); 42 U.S.C. § 1983 against Defendants PGPD and Hill (Count VI); and 18 U.S.C. § 241 against Defendants Doctor's Hospital, Hillman, and Tyrone (Count VII). Plaintiff seeks monetary and injunctive relief.

On October 2, 2015 Defendant Doctor's Hospital filed the pending motion to dismiss, which is fully briefed. (ECF Nos. 19; 24; 26).[3] Subsequently, Defendant PGPD filed the pending

---

[2] Defendant Hill has not filed a renewed motion to dismiss after the filing of the amended complaint, nor has he answered. Although he should have refiled his motion, the motion is not moot because it asserts insufficient service of process, which could not have been remedied by amending the complaint.

[3] Plaintiff also filed a surreply. (ECF No. 29). "Unless otherwise ordered by the Court, surreply memoranda are not

7

motion to dismiss (ECF No. 25), Defendant Hillman filed the pending motion to dismiss or, in the alternative, for summary judgement (ECF No. 30), and Defendant Tyrone filed the pending motion to dismiss (ECF No. 32). Plaintiff responded in opposition to each of these motions. (ECF Nos. 28; 33; 37). After each of Defendants' motions was filed, Plaintiff was provided with a *Roseboro* notice. (ECF Nos. 20; 27; 31; 34). On November 5, Plaintiff filed a motion to compel Defendant Tyrone to provide proof of service for his motion to dismiss.[4] (ECF No. 38). Plaintiff filed an emergency motion for protection, (ECF No. 39), which was denied. (ECF No. 40).

## II.  Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). A complaint need only satisfy the standard of Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 8(a)(2) still requires a

---

permitted to be filed." Local Rule 105.2(a). The court may permit a surreply when a party would not otherwise have an opportunity to respond to arguments raised for the first time in the opposing party's reply. *See Khoury v. Meserve*, 268 F.Supp.2d 600, 605 (D.Md. 2003). Defendant Doctor's Hospital's reply contains no new arguments. Therefore, the court will not consider Plaintiff's surreply.

[4] Plaintiff has already filed a response in opposition to Defendant Tyrone's motion to dismiss. (ECF No. 37). Accordingly, Plaintiff's motion will be denied as moot.

'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).

*Pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520

(1972). Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented. *Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999). Even when *pro se* litigants are involved, however, the court cannot ignore a clear failure to allege facts that support a viable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**III. Analysis**

   **A. Defendant Hill's Motion to Dismiss for Insufficient Process**

Defendant Hill moves to dismiss for insufficient process under Fed.R.Civ.P. 12(b)(5) because Plaintiff mailed the complaint and summons to the Prince George's County Executive. Plaintiff bears the burden of establishing that service of process was valid. *See O'Meara v. Waters*, 464 F.Supp.2d 474, 476 (D.Md. 2006). "Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally." *Id.* The "plain requirements for the means of effecting service of process," however, "may not be ignored." *Id.*

Fed.R.Civ.P 4(e) provides that an individual may be served either by "following state law for serving a summons in an

action brought in courts of general jurisdiction" or by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."  Maryland Rule 2-121(a) generally mirrors Fed.R.Civ.P. 4(e) and states:

> Service of process may be made within this State or, when authorized by the law of this State, outside of this State (1) by delivering to the person to be served a copy of the summons, complaint, and all other papers filed with it; (2) if the person to be served is an individual, by leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion; or (3) by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: "Restricted Delivery--show to whom, date, address of delivery." Service by certified mail under this Rule is complete upon delivery.

Here, Plaintiff, by mailing the complaint and summons to the County Executive, did not comply with either Fed.R.Civ.P. 4(e) or Maryland Rule 2-121(a).

Insufficient service of process, however, does not necessitate dismissal.  Where "the first service of process is ineffective, a motion to dismiss should not be granted, but

11

rather the [c]ourt should treat the motion in the alternative, as one to quash the service of process and the case should be retained on the docket pending effective service." *Vorhees v. Fischer &* Krecke, 697 F.2d 574, 576 (4th Cir. 1983) (quoting *Bailey v. Boilermakers Local 667 of Int'l Bhd. Of Boilermakers*, 480 F.Supp. 274, 278 (N.D.W.Va. 1979)).  Where there is no prejudice to the defendant and "there exists a reasonable prospect that service may yet be obtained," dismissal is inappropriate and courts have generally allowed the plaintiff another opportunity to effect service.  *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992).  In the interest of justice, and given Plaintiff's *pro se* status, Plaintiff will be provided another opportunity to effectuate service on Defendant Hill in accordance with Fed.R.Civ.P. 4(e) and Md. Rule 2-121. Accordingly, Defendant Hill's motion, construed as a motion to quash process, will be granted, and Plaintiff will have forty-five (45) days to serve properly Defendant Hill.

    **B.   Improper Criminal Counts**

Plaintiff alleges violations of 18 U.S.C. §§ 241–242, which are criminal statutes.  It is beyond the court's purview in this civil matter to provide relief under criminal statutes.  *Cf. United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's

12

discretion."). "If [P]laintiff seeks to pursue criminal charges, she must bring her allegations to the attention of law enforcement authorities." *Randolph v. Holder*, No. ELH-15-982, 2015 WL 1656733, at *2 (D.Md. Apr. 9, 2015), *appeal dismissed* (June 22, 2015). Accordingly, Counts I and VII will be dismissed.

### C. Claim against Defendant Doctor's Hospital

Defendant Doctor's Hospital argues that the complaint fails to state a claim under 12(b)(6) for Count IV, which alleges a violation of 42 U.S.C. § 1985.[5]

> To state a claim under § 1985, Plaintiff must allege: (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive Plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to Plaintiff as (5) a consequence of an overt act committed by Defendants in connection with the conspiracy. *Unus v. Kane*, 565 F.3d 103, 126 (4th Cir. 2009). In addition, Plaintiff must "show an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional

---

[5] Defendant Doctor's Hospital argues that Plaintiff failed to comply with Maryland's Health Care Malpractice Claims Act ("HCMCA"). (ECF No. 19-1, at 6-8). Under the HCMCA, a plaintiff must first file a medical malpractice claim with the Health Care Alternative Dispute Resolution Office as a condition precedent to any judicial action. *See* Md. Code Ann., Cts. & Jud. Proc. § 3-2A-01 *et seq*. Here, while the underlying facts may concern medical malpractice, this is a civil rights case. Accordingly, the HCMCA is inapplicable. *See Arnold v. Corr. Med. Servs., Inc.*, No. DKC-10-283, 2010 WL 2889116, at *2 (D.Md. July 19, 2010) (applying HCMCA to a medical malpractice claim, but not to a civil rights claim).

13

>rights." *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995).

*Dutton v. Montgomery Cty., Maryland*, No. DKC-2008-3504, 2009 WL 2496844, at *7 (D.Md. Aug. 11, 2009), *aff'd*, 368 F.App'x 362 (4th Cir. 2010). It appears that Plaintiff brings her § 1985 claim under subsection three of the statute for depriving persons of rights or privileges. (*See* ECF No. 16, at 10). Plaintiff alleges that she was subject to a "different, inferior, abusive, brutal[,] and degrading treatment than that which Defendant [Doctor's Hospital] gives to white female patients." (*Id.*). The complaint is devoid of factual allegations regarding the existence of a conspiracy, and does not offer sufficient details supporting Plaintiff's assertion that Defendant Doctor's Hospital's alleged misconduct was motivated by a discriminatory animus. Plaintiff's unsupported conclusory accusations cannot withstand 12(b)(6) review. *Iqbal*, 556 U.S. at 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Accordingly, Count IV against Defendant Doctor's Hospital will be dismissed.

### D. Claims against Defendant PGPD

Defendant PGPD argues for dismissal because the "Prince George's County Police Department" is not a legal entity that can be sued. Fed.R.Civ.P. 17(b)(2) states that a corporation's

capacity to be sued is determined by the law under which it was organized. Pursuant to state law, Prince George's County Charter mandates that the corporate name of the County is "Prince George's County, Maryland," and that the County shall be designated as such in all actions and proceedings touching its liabilities and duties. Prince George's County Charter § 103. Consequently, according to the Defendant PGPD, there is no legal entity designated as the "Prince George's County Police Department" and Plaintiff's complaint must be dismissed as to this Defendant. Plaintiff's *pro se* pleading, however, is subject to a less stringent standard than formal pleadings drafted by lawyers. "It would elevate needlessly form over substance to dismiss completely a claim because Plaintiff named the specific county entities that allegedly harmed [her] as opposed to the county itself." *Abunaw v. Prince George's Corr. Dep't*, No. DKC-13-2746, 2014 WL 3697967, at *1-2 (D. Md. July 23, 2014). Courts have dismissed claims against specific county departments as superfluous when the county was also named as a party. *See, e.g.*, *Dodson v. Prince George's Cnty.* No. JKS-13-2916, 2016 WL 67255 (D.Md. Jan 6, 2016); *Stewart v. Prince George's Cnty., Md.*, No. AW-01-302, 2001 WL 759890 (D.Md. May 23, 2001). Here, however, the County was not named as a defendant, and therefore claims against Defendant PGPD will be

construed as being against Prince George's County. Accordingly, Defendant PGPD's motion to dismiss will be denied.

**E.   Claims against Defendants Hillman and Tyrone**

Defendants Hillman and Tyrone move to dismiss for insufficient process and service of process and for failure to state a claim. Counts II and IV allege violations of 42 U.S.C. § 1981 and § 1985.

Defendants Hillman and Tyrone argue that service and service of process was improper because the certified deliveries were unrestricted and Defendants Hillman and Tyrone did not personally sign for them. In the alternative, Defendants Hillman and Tyrone assert that even if they were being sued as entities, they are the only registered agents authorized to accept service on behalf of their respective law offices. Insufficient service of process, however, does not necessitate dismissal, particularly in light of Plaintiff's *pro se* status. Plaintiff's claims against Defendants Hillman and Tyrone, however, will be dismissed on other grounds.

42 U.S.C. § 1981 provides, in pertinent part, that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens[.]" 42 U.S.C. § 1981(a). The statute broadly defines the term "make and enforce contracts" as "the making, performance, modification, and

16

termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

> To state a cause of action in a § 1981 action like the one presently before the court, a plaintiff must show: (1) he or she is a member of a racial minority; (2) the defendant intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities protected by the statute. *Buchanan v. Consolidated Stores Corp.*, 125 F.Supp.2d 730, 734 (D.Md. 2001) (citing *Hill v. Shell Oil Co.*, 78 F.Supp.2d 764, 776 (N.D.Ill. 1999); *Bobbitt v. Rage Inc.*, 19 F.Supp.2d 512, 517 (W.D.N.C. 1998)).

*Baltimore-Clark v. Kinko's Inc.*, 270 F.Supp.2d 695, 699 (D.Md. 2003).  Here, Plaintiff appears to allege that Defendants Hillman and Tyrone discriminated against her by convincing other attorneys to refuse her case.  Assuming *arguendo* that Plaintiff's § 1981 claims are proper, she has not set forth any facts which, if proven, would establish that Defendants Hillman and Tyrone's alleged misconduct was motivated by discriminatory animus.  Her complaint merely states that other attorneys listened to Defendants Hillman and Tyrone and "placed a high value on, and accepted the words of[,] someone with a title [and/or] rank that lawyers respect over and above the words of an African American [w]oman of no title or rank."  (ECF No. 16, at 14).  Plaintiff's conclusory allegations that Defendants Hillman and Tyrone's "actions were discriminatory, malicious,

17

and wicked" are not sufficient to survive a motion to dismiss. (*Id.* at 13).

Plaintiff also argues that Defendants Hillman and Tyrone violated 42 U.S.C. § 1985(2). Under § 1985(2), Plaintiff has to allege "force, intimidation, or threat." 42 U.S.C. § 1985(2). Plaintiff alleges that her case files were "torn open" and "slashed open" when mailed to her home, and that she received an unsigned Christmas card as a taunt. (ECF No. 16, at 14). She does not specify who performed these acts. Additionally, Plaintiff states that Defendants Hillman and Tyrone "held Plaintiff's civil case hostage for ransom." (*Id.* at 12). These allegations are not sufficient to show that Defendants Hillman and Tyrone used force, intimidation, or threats to hinder Plaintiff from attending or testifying in a court proceeding.

Finally, Plaintiff asserts that Defendants Hillman and Tyrone conspired in violation of § 1985(3). Under § 1985(3), a plaintiff must allege a conspiracy by "show[ing] an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights." *Dutton*, WL 2496844, at *7 (quoting *Simmons*, 47 F.3d at 1377). Plaintiff offers conclusory statements that Defendants Hillman and Tyrone "conspired to hinder, obstruct justice, and defeat Plaintiff's civil case" and that their "actions were discriminatory, malicious, and wicked." (ECF No. 16, at 12-13). Such statements do not sufficiently

allege a conspiracy or that Defendants Hillman and Tyrone were motivated by a discriminatory animus.

Accordingly, all claims against Defendants Hillman and Tyrone in Counts II and IV will be dismissed.

**IV. Conclusion**

For the foregoing reasons, the motion to dismiss filed by Defendant Jonathan Hill will be construed as a motion to quash service and will be granted.  The motion to dismiss filed by Defendant Doctor's Hospital will be granted.  Defendant PGPD's motion to dismiss will be denied.  Defendant Hillman's motion to dismiss or, in the alternative, for summary judgment will be granted.  Defendant Tyrone's motion to dismiss will be granted.  Plaintiff's motion to compel will be denied as moot.  A separate order will follow.

                                    /s/
                           DEBORAH K. CHASANOW
                           United States District Judge