```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
                                :
DECONTEE S. GRANT
                                :

    v.                          :    Civil Action No. DKC 15-2433

                                :
PRINCE GEORGE'S COUNTY DEPT.,
et al.                          :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights case is the motion to dismiss filed by Defendants Jonathan Hill ("Detective Hill") and Prince George's County ("the County") collectively, ("Defendants").  (ECF No. 47).  The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion to dismiss will be granted.

**I.   Background**

    **A.   Factual Background**

Unless otherwise noted, the facts outlined here are set forth in the complaint and construed in the light most favorable to Plaintiff.  Plaintiff alleges that while unconscious during a medical procedure on or about February 18 or 19, 2012, she was sexually assaulted by the staff at Doctor's Hospital Inc. ("Doctor's Hospital").  (ECF No. 16, at 10).  In September 2012, Plaintiff reported the alleged sexual assault to Detective Hill in the Prince George's Police Department, who contacted Doctor's

Hospital. The hospital informed Detective Hill that Plaintiff was "knocked out" for a pelvic exam and had awoken before the doctors could start the second part of the exam. (*Id.* 3). Detective Hill declined to conduct an investigation.

Plaintiff filed a grievance against Detective Hill. (*See id.* at 5). In November 2012, Sergeant T. Nalley contacted Plaintiff in response to her grievance. Plaintiff alleges that Sergeant Nalley asked "where are you from?" when asking for her personal information and said that he would look at her medical record and make a decision. (*Id.*). He subsequently closed her grievance.

In December 2012, Plaintiff met with Lieutenant Webster regarding her complaint against Doctor's Hospital. Plaintiff informed Lieutenant Webster that "several crucial pages of information for the time interval of the sexual assault" were missing from the copy of Plaintiff's patient record in Lieutenant Webster's possession. (*Id.*). Plaintiff gave Lieutenant Webster an updated copy of her medical record. (*Id.* at 6). Upon Lieutenant Webster's inquiry, Plaintiff disclosed that she had spoken with a lawyer but was unable to pay for legal services. Plaintiff alleges that Lieutenant Webster and another officer "exchanged glances" and Lieutenant Webster refused to investigate the sexual assault. (*Id.*).

In July 2014, Sergeant B. Selway informed Plaintiff that he was investigating her grievance against Detective Hill. Plaintiff gave Sergeant Selway a copy of her medical files. Plaintiff alleges that at a later meeting, Sergeant Selway's "face became angry when Plaintiff [spoke] about her meeting with [Lieutenant] Webster." (ECF No. 16, at 7). Plaintiff alleges that the County's personnel interfered with her grievances and investigation since then. Plaintiff received a letter from Captain Rodriguez stating that her grievance against Detective Hill was closed. In November 2014, Sergeant Dillingham contacted Plaintiff regarding a letter Plaintiff had sent to a United States Senator's office. He informed Plaintiff that her complaint for sexual assault would not be investigated because it had already been closed by Lieutenant Webster. According to Plaintiff, the County was "tracking, monitoring, and intimidating Plaintiff . . . in order to keep the sex[ual] assault case and subsequent cover-up from being exposed." (*Id.* at 9). Plaintiff asserts that she was re-victimized, treated as "an inferior class person," and "suffers from [a]nxiety, sleeplessness, violation of her privacy, and violation of trust in the public institution whose mission [it] is to enforce the laws equally." (*Id.*).

**B.   Procedural Background**

Plaintiff, proceeding *pro se*, filed a complaint against Detective Hill, Prince George's County Police Department ("PGPD"), Doctor's Hospital, Tisha S. Hillman, and Erik R. Tyrone on August 17, 2015. (ECF No. 1).

The operative amended complaint was filed on September 30, 2015, and asserted violations of: 18 U.S.C. § 242 against Detective Hill and PGPD (Count I); 42 U.S.C. § 1981 against Ms. Hillman and Mr. Tyrone (Count II); the Fourteenth Amendment against Detective Hill and PGPD (Count III); 42 U.S.C. § 1985(2)-(3) against all Defendants (Count IV); 42 U.S.C. § 1986 against PGPD (Count V); 42 U.S.C. § 1983 against Detective Hill and PGPD (Count VI); and 18 U.S.C. § 241 against Doctor's Hospital, Ms. Hillman, and Mr. Tyrone (Count VII). (ECF No. 16). Plaintiff seeks monetary and injunctive relief.

Detective Hill moved to dismiss for insufficient service of process (ECF No. 13), and PGPD moved to dismiss on the ground that it is not a legal entity that can be sued (ECF No. 25). The other Defendants also filed motions to dismiss. (ECF Nos. 19; 30; 32). Plaintiff was provided with a *Roseboro* notice after each motion was filed. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1971); (ECF Nos. 20; 27; 31; 34). On June 29, 2016, the motions to dismiss filed by Doctor's Hospital, Ms. Hillman, and Mr. Tyrone were granted. (ECF Nos. 41; 42).

4

PGPD's motion to dismiss was denied, and the court construed Plaintiff's claims as being against the County. (ECF No. 41, at 15-16). Detective Hill's motion to dismiss was construed as a motion to quash service and was granted. (ECF Nos. 41; 42).

On October 12, 2016, Detective Hill and the County filed the instant motion to dismiss (ECF No. 47), and the Clerk sent a *Roseboro* notice to Plaintiff (ECF No. 48).[1] Plaintiff filed a response in opposition to the motion. (ECF No. 49). Defendants move to dismiss Plaintiff's claims on the ground that Plaintiff lacks standing or, in the alternative, has failed to state a claim.

## II. Standing

The issue of standing may be challenged on a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). The plaintiff bears the burden of proving that subject matter jurisdiction properly exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). In a Rule 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it. *Richmond, Fredericksburg & Potomac*

---

[1] After filing her response, Plaintiff filed a statement notifying the court that she did not receive a copy of the *Roseboro* notice but was later able to access a copy of the notice online, and requested that her response be considered timely. (ECF No. 50). Plaintiff filed a timely response to the motion to dismiss and it appears that she received sufficient notice of the motion.

5

*R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans*, 166 F.3d at 647.  The court should grant the Rule 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond*, 945 F.2d at 768.

Any plaintiff seeking to invoke the jurisdiction of a federal court must establish standing.  *See, e.g., Allen v. Wright*, 468 U.S. 737, 750–51 (1984); *S. Walk at Broadlands Homeowner's Ass'n Inc. v. Openband at Broadlands, LLC*, 713 F.3d 175, 85 (4th Cir. 2013).  The doctrine of standing consists of two distinct "strands": constitutional standing pursuant to Article III and prudential standing.  *See Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004).  The requirements for constitutional standing reflect that Article III "confines the federal courts to adjudicating actual 'cases' and 'controversies.'"  *Allen*, 468 U.S. at 750; *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1993) ("[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III[.]").  "[Plaintiff] must, in other words, show that the facts alleged present the court with a 'case or controvesy' in the constitutional sense and that she is a proper plaintiff to raise the issues sought to be litigated." *Linda R.S. v. Richard D.*, 410 U.S. 614, 616 (1973).  To

establish Article III standing, a plaintiff must demonstrate that:

> (1) [she] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Doe v. Obama*, 631 F.3d 157, 160 (4th Cir. 2011) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)).

Plaintiff asserts civil rights claims against Defendants under 42 U.S.C. §§ 1983, 1985, and 1986.[2] She claims that Defendants "are sworn to protect all citizens, enforce state laws and county ordinances" (ECF No. 49, at 7), and that their failure to investigate her sexual assault, enforce the Maryland law criminalizing sexual offenses in the third degree, Md. Code, Crim. Law § 3-307, and aid in the criminal or civil prosecution

---

[2] Plaintiff also alleged violations of 18 U.S.C. §§ 241-242, which are criminal statutes, in her amended complaint, and references these claims in her opposition. (*See* ECF No. 49, at 2, 4). As previously held, it is beyond the court's purview in this civil matter to provide relief under criminal statutes. (ECF No. 41, at 12-13); *cf. United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."). Plaintiff has also raised in her opposition additional complaints of sexual assault and harassment (*see* ECF No. 49, at 11-14), but she cannot amend her complaint by asserting new facts in an opposition to a motion to dismiss.

of her assailants violated her constitutional rights (*see generally id.* at 2-12). Defendants argue that Plaintiff does not have standing to bring claims for the police officers' refusal to investigate her sexual assault complaint. (ECF No. 45, at 5).

There is no "constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute a crime. These are discretionary public duties that are enforced by public opinion, policy, and the ballot." *Doe v. Mayor of Pocomoke City*, 745 F.Supp. 1137, 1139 (D.Md. 1990); *accord Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (noting plaintiff's argument that he "had an enforceable right as a member of the public at large and as a victim to have the defendants criminally prosecuted" which was "protected by the equal protection clause of the [F]ourteenth [A]mendment," but that "[t]here is, of course, no such constitutional right"); *see also Linda R.S.*, 410 U.S. at 619 (citing cases holding that "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution" and concluding that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). The duty to investigate or prosecute a crime with which a public official is charged is not owed to any individual member of the

public. *Pocomoke City*, 745 F.Supp. at 1139-40. Detective Hill and the County did not owe Plaintiff a duty to investigate her complaint to her satisfaction, enforce the Maryland criminal code by conducting a prosecution in her case, or assist her in her civil suit against Doctor's Hospital, and Plaintiff does not have a right to compel them to act.

Plaintiff has not shown that she has standing to bring this action because she has "failed to allege a sufficient nexus between her injury and the government action which she attacks to justify judicial intervention." *Linda R.S.*, 410 U.S. at 617-18. Accepting Plaintiff's allegations as true, she sustained a legally cognizable injury as a result of her sexual assault, but that injury is not fairly traceable to the police department's refusal to investigate. *See id.* at 618 (finding, in action seeking enforcement of child support criminal statute, that plaintiff "no doubt suffered an injury stemming from the failure of her child's father to contribute support payments," but lacked standing because her injury did not result from the nonenforcement of the statute); *Pocomoke City*, 745 F.Supp. at 1139-40 (holding in § 1983 case that sexual assault victims "all sustained legally cognizable injuries as a result of the sexual attacks directed against them," but lacked standing because those injuries were "not 'fairly traceable' to the alleged inadequate investigations by the defendants"). Moreover,

9

standing requires that the relief requested be capable of redressing the specific injury for which it is sought. *See Allen*, 468 U.S. at 751. Plaintiff's injury would not be redressed even if a more thorough investigation had been conducted. *Pocomoke City*, 745 F.Supp. at 1140; *see also Linda R.S.*, 410 U.S. at 618. Accordingly, Plaintiff lacks standing to bring her claims against Defendants and the motion to dismiss will be granted.

### III. Conclusion

For the foregoing reasons, the motion to dismiss filed by Defendants will be granted. A separate order will follow.

                                            /s/
                                 DEBORAH K. CHASANOW
                                 United States District Judge